FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRK M. CARMICHAEL; DAWN D. CARMICHAEL, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, F.A.; et al., <br><br> Defendants - Appellees. | No. 11-56251 <br><br> D.C. No. 3:10-cv-01351-JAH-POR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted February 11, 2013[**]

Before:    LEAVY, FERNANDEZ, and TASHIMA, Circuit Judges.

Kirk M. Carmichael and Dawn D. Carmichael appeal pro se from the district

court's order dismissing their action arising out of foreclosure proceedings.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. *King v. California*, 784 F.2d 910, 912 (9th Cir. 1986). We affirm.

The district court properly dismissed the wrongful foreclosure claims because JP Morgan Chase Bank ("Chase") had statutory authority to initiate non-judicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1); *see also Moeller v. Lien*, 30 Cal. Rptr. 2d 777, 782 (Ct. App. 1994) ("Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.").

The district court properly dismissed the claims against Chase based on allegations of wrongful conduct by Washington Mutual Bank because, under the Purchase and Assumption Agreement between Chase and the Federal Deposit Insurance Corporation, Chase did not assume any liability associated with borrower claims against Washington Mutual Bank. *See* 12 U.S.C. § 1821(d)(2)(G)(i)(II) (authorizing FDIC to transfer "any asset or liability" of the failed bank); *see also W. Park Assocs. v. Butterfied Sav. & Loan Ass'n*, 60 F.3d 1452, 1458 (9th Cir. 1995) (recognizing FDIC's authority to limit liabilities assumed by a purchasing bank through a Purchase and Assumption Agreement).

The district court did not abuse its discretion in taking judicial notice of the contents of the Purchase and Assumption Agreement. *See* Fed. R. Evid. 201(b)(2) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 639 (9th Cir. 2002) (setting forth standard of review); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (in ruling on a motion to dismiss, the district court may consider "matters properly subject to judicial notice.").

The district court did not abuse its discretion in denying the motion for reconsideration because the Carmichaels failed to establish grounds for such relief. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir.1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Chase's motion for judicial notice, filed on December 21, 2011, is denied.

**AFFIRMED.**